DOWNEY, Judge.
This litigation arose out of appellants’ refusal to pay appellee’s bills for automobile repairs and as a result of appellants’ claims for damages pursuant to Chapter 559, Florida Statutes (1975).
Appellants were police officers employed by the City of Dania. Each took his automobile to appellee for repairs. Peters received a bill for $156, while Kasten received one for $286. Both bills were disputed and payment was not forthcoming. Sometime thereafter appellee, Palladino, President of appellee, Collision Clinics International, Inc., mailed a letter to appellants’ employer, The Dania Police Department, to the attention of the Chief of Police, stating that appellants had failed to pay the foregoing bills and that, as a consequence, other employees of the department would no longer receive discounts or credit from appellee. This letter was posted on the bulletin board of the police department.
Shortly after notice of the foregoing letter, appellants wrote appellee complaining of appellee’s letter to the Department contending the bills were disputed. Peters demanded a letter of apology and notice to all recipients of any such letter that the bill was disputed. Appellee’s response was to sue appellants in county court for the unpaid bills. Appellants counterclaimed for compensatory and punitive damages and the cause was transferred to the circuit court. Prior to trial appellees filed an offer of judgment in the amount of $502 as to each of the counterclaimants.
*117 At trial the court directed a verdict in favor of appellants on their counterclaims, concluding that appellees had violated Sections 559.72(4) and (6).[1] The court instructed the jury that it must return a verdict for each appellant for not less than $500. Appellants objected to this instruction because they contended that appellees had violated two provisions of Section 559.72, i. e., sub-paragraphs (4) and (6), and thus they were each entitled to a minimum verdict of $1,000, relying upon Section 559.77(1), Florida Statutes (1975).[2]
The jury returned verdicts for Peters and Kasten for $500 each and a verdict for Collision Clinic for $156 against Peters and $286 against Kasten. Thereafter, the court entered judgment on the verdicts and also allowed Peters and Kasten attorneys fees of $800 each.
The sole question on appeal is appellants’ contention that the trial court erred in failing to instruct the jury that appellants were entitled to damages of $500 for each violation of Section 559.72.
We have seriously considered appellants’ contention and find it to be without merit. Though we are fully cognizant that statutes such as Chapter 559 are to be liberally construed in order to effect the purpose for which they were enacted, that does not afford us the opportunity to enlarge upon the remedy authorized by the Legislature. There is no indication in Section 559.77(1) that a debtor bringing suit thereunder is to recover at least $500 for every violation of Section 559.72. Paraphrasing, it simply provides that a debtor may bring a civil action against a person violating the provisions of Section 559.72 and upon a decision in favor of the debtor the defendant shall be liable for the debtor’s actual damages or $500, whichever is greater, together with attorneys fees and costs. It would have been quite simple for the Legislature to provide actual damages or $500 for each violation of the statute, but it did not do so. Furthermore, subsection 77 authorizes the trial court, in its discretion, to award punitive damages. We suggest that one of the factors which might be considered in exercising the discretion to award punitive damages might be multiple violations of subsection 72. Thus, the instruction of which appellants complain was appropriate.
Accordingly, we find no demonstration of reversible error and accordingly affirm the judgment appealed from.
HERSEY and HURLEY, JJ., concur.
PER CURIAM.
By petition for rehearing appellees seek review of our previous allowance of attorney’s fees on this appeal. Upon consideration of the petition and appellant’s response we recede from our previous hold *118 ing and deny appellant’s application for attorney’s fees on appeal.
This suit was brought under Chapter 559, Florida Statutes (1979). Section 559.77(1) authorizes the allowance of attorney’s fees to the prevailing party. Section 59.46, Florida Statutes (1979), makes the provision of Chapter 559 regarding attorney’s fees applicable on appeal. However, appellants did not prevail on appeal. Thus, it would appear there is no authority for allowing appellants attorney’s fees for this appellate proceeding.
Accordingly, our previous allowance of attorney’s fees is vacated.
DOWNEY, HERSEY and HURLEY, JJ., concur.

. Section 559.72, Florida Statutes (1975), in pertinent part provides:
In collecting consumer claims, whether or not licensed by the Division, no person shall:
* * * * * *
(4) Communicate or threaten to communicate with a debtor’s employer prior to obtaining final judgment against the debtor, unless the debtor gives his permission in writing to contact his employer or acknowledged in writing the existence of a debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that his employer will be contacted if a final judgment is obtained;
******
(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the claim is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within thirty days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding ninety days.

. Section 559.77(1) provides:
(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or five hundred dollars, whichever is greater, together with court costs and reasonable attorney’s fees incurred by the plaintiff....